## Livingston v. Clark.

*Sales—Oral contract for more than $500 value—Written confirmation—Statement—Sufficiency of—Acts of May 14, 1915, and May 19, 1915.*

1. Where, in a suit brought for breach of an oral contract to sell goods valued at $500 and upwards, the statement of claim does not aver that the buyer received part of the goods or gave something to bind the contract, but avers that the oral contract was afterwards confirmed in writing, though failing to have attached a copy of such confirmation, such statement is defective, as there could be no recovery under section 4 of the Act of May 19, 1915, P. L. 543, without such confirmation in writing, and, therefore, a copy of such writing should have been attached to the statement under section 5 of the Practice Act of May 14, 1915, P. L. 483.

2. The plaintiff should be permitted to amend such statement by attaching to it a copy of the written confirmation of the contract.

Rule for a more specific statement. C. P. Lancaster Co., Aug. T., 1925, No. 134.

*F. Lyman Windolph,* for rule; *John M. Groff,* contra.

HASSLER, J., April 16, 1927.—The plaintiff in this case seeks to recover for a breach of an oral contract made on July 8, 1925, with the defendant, wherein the latter agreed to sell the plaintiff beef hides, calf skins and tallow products which he, the defendant, had in his possession at the time the contract was made. The quantity of each is set forth in the statement, as are the prices which were to be paid for them. The amount to be paid for them is in excess of $500. The plaintiff seeks to recover the amount he was compelled to pay for similar goods in excess of the price which it was agreed he should pay the defendant for them. The plaintiff alleges that on July 11, 1925, the defendant in writing confirmed the oral contract. It is not alleged in the statement that any part of the goods so purchased was delivered to or received by the plaintiff, nor that any thing was paid by the plaintiff to bind the bargain.

The defendant presented a petition, asking for a more specific statement of claim. Upon it, this rule was granted.

The only reason given why a more specific statement should be filed is that the plaintiff failed to attach a copy of the written confirmation of the contract to his statement.

Section 4 of the Act of May 19, 1915, P. L. 543, commonly known as the Sales Act, provides, *inter alia,* as follows: "A contract to sell or a sale of any goods or choses in action of the value of five hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

Section 5 of the Act of May 14, 1915, P. L. 483, *inter alia,* provides that "every pleading shall have attached to it copies of all notes, contracts, book entries . . . upon which the party pleading relies for his claim or defense, as the case may be."

In this case, the contract upon which the plaintiff relies in part for his claim is an oral contract entered into on July 8, 1925. It, however, is not enforceable by action without the written confirmation of it of July 11, 1925, set forth in the statement. That written confirmation is, therefore, part of the contract upon which the plaintiff relies for his claim. Under the Practice Act, it must be attached to his statement.

Livingston v. Clark.

Section 21 of the Act of 1915, *supra*, authorizes the court to strike the pleading from the record or to allow an amendment upon such terms as it may direct. We think the proper course in this case would be to permit an amendment of the statement by attaching to it a copy of the written confirmation of the contract made on July 11, 1925.

We, therefore, direct the plaintiff to attach a copy of said written confirmation to the statement. Rule made absolute.

From George Ross Eshleman, Lancaster, Pa.